Petition by the State of Florida on the relation of Pan American Surety Company, a corporation and another against Charles E. Limpus, as Clerk of the Criminal Court of Record of Orange County, Florida, to require the clerk to approve the relator as a surety on the supersedeas bond of Edward Winslow. From an order quashing an alternative writ, as amended and denying a peremptory writ, and dismissing the cause of the cost of relators, relators appeal.
Reversed.
Edward Winslow was convicted of a criminal offense in the Criminal Court of Record of Orange County, Florida. The trial court sentenced him to the State Prison to serve at hard labor for twenty years. An appeal was taken to the Supreme Court of Florida and a supersedeas bond by the trial court assessed in the sum of $10,000 and the surety or sureties were to be approved by Honorable Charles E. Limpus, Clerk of said Court. Counsel for Winslow tendered the supersedeas bond in form and conditions according to law, signed by Winslow, as principal, and Pan American Surety Company, as surety. The Clerk, supra, declined to approve the supersedeas bond with Pan American Surety Company as surety, for various reasons:
(1) The diligence of the Pan American Surety Company to procure the attendance of defendants (other than Edward Winslow) has been such that the Clerk is in doubt about the appearance of Winslow according to the conditions of the supersedeas bond; (2) the appellant Winslow has the financial ability to raise a sum greater than the amount of the supersedeas bond and could forfeit by escape and fully indemnify the surety by payment of the $10,000; (3) the Pan American Surety Company was surety for one W.H. Purifoy in a criminal suit in the Criminal Court of Record of Orange County and failed to pay the amount of the bond or to procure the attendance of Purifoy, and for these reasons the Clerk lost confidence in the Pan American Surety Company; (4) the Pan American Surety Company executed similar bonds in numerous counties in Florida and no proof has been submitted to the Clerk that the Pan American Surety Company is worth $10,000 and able to respond in excess of other obligations assumed by it, and therefore the Clerk is in doubt as to the financial ability of the surety company to make good on the supersedeas bond in the sum of $10,000; (5) the Clerk doubts the diligence of the Pan American Surety Company to produce the appellant at the time and place required by the terms of the bond, and, because of past business dealings, the Clerk has no confidence in the Pan American Surety Company and his approval of the bond is tantamount to the release from custody of Winslow without obligation on his part to appear in the event the judgment of conviction is affirmed by the Supreme Court of Florida.
On petition of Pan American Surety Company an alternative writ issued out of the Circuit Court of Orange County, Florida, directing and commanding Charles E. Limpus, as Clerk of said Court, to approve the relator as surety on the supersedeas bond of Edward Winslow. An answer was filed by the Clerk and on the issues made testimony was taken in the court below. It was the view of the trial court that the reasons for disapproving the supersedeas bond by the Clerk numbered (1), (2), (3), (4) and (5), supra, were sufficient legal reasons and accordingly the alternative writ, as amended, was quashed, the peremptory writ of mandamus denied and the cause dismissed at the cost of the relators. An appeal was taken therefrom.
The controlling question here presented is viz.: Were the reasons (1, 2, 3, 4 and 5, supra) assigned by the respondent for his refusal to approve the relator as a surety on the supersedeas bond legally sufficient? If the reasons as given by the respondent for his refusal so to do are sound, then the judgment entered below must be affirmed, *Page 166 
otherwise it becomes necessary to reverse the final judgment appealed from, with directions to enter a peremptory writ in accordance with the command of the alternative writ of mandamus.
Section 903.34(2), F.S.A., among other things, provides in appeal cases from the Circuit Court, Court of Crimes, Criminal Courts of Record, or other courts having a Clerk, the bond may be approved by the Judge or the Clerk of the Court. Section 903.35, F.S.A., makes certain acts of Clerk with reference to the acceptance and approval as sureties of any professional bondsman, not registered with the Clerk of the Circuit Court and qualified to act as a surety, a misdemeanor. The several provisions of Section 903.14, F.S.A., are applicable to personal sureties and not surety companies as defined by Chapter 648, F.S.A.
It is admitted that the relator is a surety company organized under the laws of Florida and pursuant to Chapter 648, supra. As a prerequisite to the transaction of a surety business in the State of Florida, the company must deposit with the Insurance Commissioner of Florida, bonds of the United States in the market value of $75,000, which bonds shall remain with the Insurance Commissioner. These bonds may by the Insurance Commissioner be returned to the surety company when it has been made to appear that the surety company has been discharged from all obligations as surety or sureties on bonds given in the State of Florida. See Section 648.02, F.S.A.
Section 648.03 authorizes a surety company to become obligated as a surety and may be accepted as a surety on the bond of any person required by the laws of Florida to give a bond and may be the only surety necessary to render any such bond valid. The surety company may be released from its liabilities on the same terms and conditions as are by law prescribed for the release of individuals and corporations becoming such surety and shall be subject to all the liabilities of natural persons.
Section 648.04 provides that in all judicial proceedings, whenever it may become necessary for any party to give a bond for any purpose, the bond of such party having as surety thereon any surety company authorized to do business in Florida, may be accepted by any officer or court whose duty it is to approve such bond, without other surety. The provisions of this Section shall apply to bonds given in connection with any appellate proceeding for the purpose of obtaining supersedeas or for any other purpose.
It is our conclusion that the reasons assigned or given by the respondent Clerk for the disapproval of the relator as a surety on the supersedeas bond of Edward Winslow are in conflict with and in derogation of the above cited statutes. The judgment entered below is reversed with directions to grant the relator a peremptory writ of mandamus.
Reversed.
ADAMS, C.J., and THOMAS and SEBRING, JJ., concur.